**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher D. Bowens,<br><br>Plaintiff,<br><br>v.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>Defendant. | No. CV-11-2274-PHX-DGC<br><br>**ORDER** |

Plaintiff Christopher Bowens applied for disability insurance benefits and supplemental security income on October 27, 2008, claiming to be disabled since March 1, 2004, due to multiple medical problems resulting in severe, chronic pain. Tr. 46-52. The applications were denied initially on January 29, 2009, and upon reconsideration on June 3, 2009. Tr. 32, 37. A hearing before an Administrative Law Judge ("ALJ") was held on October 5, 2010. Tr. 260-86. At the hearing, Plaintiff moved to amend his alleged onset date to September 1, 2006. Tr. 263. The ALJ issued a written decision on January 22, 2011, finding that Plaintiff was not disabled within the meaning of the Social Security Act. Tr. 12-23. This decision became Defendant's final decision when the Appeals Council denied review. Tr. 7-9. Plaintiff then commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). Doc. 1. For reasons that follow, the Court will remand for further proceedings.

**I.   Standard of Review.**

Defendant's decision to deny benefits will be vacated "only if it is not supported

by substantial evidence or is based on legal error." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In determining whether the decision is supported by substantial evidence, the Court must consider the record as a whole, weighing both the evidence that supports the decision and the evidence that detracts from it. *Reddick v. Charter*, 157 F.3d 715, 720 (9th Cir. 1998). The Court cannot affirm the decision "simply by isolating a specific quantum of supporting evidence." *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975); *see Robbins*, 466 F.3d at 882.

**II.    Analysis.**

Whether a claimant is disabled is determined using a five-step sequential evaluation process. The claimant bears the burden in steps one through four. To establish disability the claimant must show (1) he is not currently working, (2) he has a severe medically determinable physical or mental impairment, and (3) the impairment meets or equals a listed impairment or (4) his residual functional capacity ("RFC") precludes him from performing his past work.[1] At step five, the Commissioner bears the burden of showing that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. 20 C.F.R. § 416.920(a)(4)(i)-(iv); *see* 20 C.F.R. pt. 404, subpt. P, app. 1 (Listing of Impairments). "The Commissioner can meet this burden through the testimony of a vocational expert or by reference to the Medical Vocational Guidelines[.]" *Thomas v. Barnhart*, 278 F.3d 947, 955 (9th Cir. 2002) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999)).

Plaintiff has not worked since the alleged onset date of disability. Tr. 17, ¶ 2. The ALJ found that Plaintiff has the following severe combination of impairments: lumbar herniated disk; degenerative disc disease; spondylolisthesis; and a history of kidney

---

[1] RFC is the most a claimant can do despite the limitations caused by his impairments. *See Rodriguez v. Bowen*, 876 F.2d 759, 762 (9th Cir. 1989); 20 C.F.R. § 416.927(a); SSR 96-8p, 1996 WL 374184 (July 2, 1996).

stones. Tr. 17, ¶ 3. The ALJ determined that these impairments are not severe enough to meet or equal a listed impairment. Tr. 17, ¶ 4. The ALJ concluded that while Plaintiff is not able to perform his past work (Tr. 20, ¶ 6), he is not disabled because he has the RFC to perform light work (Tr. 17, ¶ 5), including the jobs of janitor, housekeeper, food preparation worker, and telemarketing representative (Tr. 22).

Plaintiff argues that the ALJ erred by discounting Plaintiff's testimony (Doc. 15 at 8-14), by failing to properly weigh medical source opinion evidence (*id.* at 14-17), and by failing to develop the record properly (*id.* at 17). Defendant contends the decision is supported by substantial evidence and free from legal error. Doc. 16 at 1.

**A.     Plaintiff's Testimony.**

Plaintiff testified that he suffers from constant lower back and leg pain. Tr. 266-67. His pain is aggravated by bending over, walking, sitting and standing. Tr. 267-68. Plaintiff testified that his pain results in muscle spasms and causes him to have problems concentrating and with his memory. Tr. 268-69. Plaintiff also testified that he suffers a loss of feeling in his feet that occurs once or twice a week and can last for a few minutes or all day. Tr. 267-68. Plaintiff stated that his treatment has consisted of one session of physical therapy and pain medications. Tr. 268-69. Plaintiff takes Oxycodone, which makes Plaintiff nauseous. Tr. 271. Plaintiff testified he takes Phenergan to alleviate the nausea. Tr. 271. Plaintiff testified that he can sit only for 20 minutes, stand for approximately 10-15 minutes, or walk for approximately 10-15 minutes before he must change positions or lie down. Tr. 269-70. Plaintiff has difficulty sleeping. Tr. 270. Plaintiff testified he does not do many chores, although he does occasionally help cook and will walk approximately three miles to the grocery store once a week. Tr. 271-72.

The ALJ concluded Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not credible to the extent they are inconsistent with the RFC assessment. Tr. 19. In reaching this conclusion, the ALJ evaluated Plaintiff's testimony using the two-step analysis established by the Ninth Circuit. *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Applying the test of *Cotton v.*

*Bowen*, 799 F.2d 1403 (9th Cir. 1986), the ALJ first determined that Plaintiff's impairments could reasonably produce the symptoms alleged. Tr. 19. Given this conclusion, and because there is no evidence of malingering, the ALJ was required to present "specific, clear and convincing reasons" for finding Plaintiff not entirely credible. *Smolen*, 80 F.3d at 1281. This clear and convincing standard "is the most demanding required in Social Security cases." *Moore v. Comm'r of SSA*, 278 F.3d 920, 924 (9th Cir. 2002).

"Pain of sufficient severity caused by a medically diagnosed 'anatomical, physiological, or psychological abnormality' may provide the basis for determining that a claimant is disabled." *Light v. SSA*, 119 F.3d 789, 792 (9th Cir. 1997) (citing 42 U.S.C. § 423(d)(5)(A); *Bunnell v. Sullivan*, 947 F.2d 341, 344-45 (9th Cir. 1991)). "Once a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on lack of objective medical evidence to fully corroborate the alleged severity of pain." *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004) (citation and alterations omitted); *see* 20 C.F.R. § 404.1529(c)(2); SSR 96-7p, 1996 WL 374186, at *1 (July 2, 1996).

Additionally, although "[a]n ALJ's finding that a claimant generally lacked credibility is a permissible basis to reject excess pain testimony, . . . a finding that the claimant lacks credibility cannot be premised wholly on a lack of medical support for the severity of the pain." *Light*, 119 F.3d at 792 (citations omitted). General assertions that the claimant's testimony is not credible are insufficient. *See Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir.2007). The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester,* 81 F.3d at 834). In weighing a claimant's credibility, the ALJ may consider some of the following factors: claimant's reputation for truthfulness, inconsistencies either in claimant's testimony or between his testimony and his conduct, unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, claimant's daily activities, claimant's work record, and the compatibility of claimant's testimony with the medical

evidence. *Thomas*, 278 F.3d at 958-59; *Lee v. Astrue*, 472 Fed. Appx. 553, 555 (9th Cir. 2012)

In this case, the ALJ rejected Plaintiff's testimony on two grounds. First, the ALJ's examined the objective evidence of record and made the following findings: (1) the most recent CT of Plaintiff's abdomen and pelvis showed that a prior identified kidney stone had passed and that the other stones remained unchanged; (2) a renal lesion was stable; (3) the most recent lumbar spine MRI showed spondylolysis at the L5 level with grade 1 spondylolisthesis and a small disc extrusion at L4-5 with foraminal narrowing, and a mild bulging disc at L5-S1 with mild to moderate foraminal narrowing. Tr. 19. In noting the above, the ALJ found that "these objective findings are not consistent throughout the record and more often, physical examination results regarding claimant's gait, as well as neurological examination findings are negative, indicative of no problems." Tr. 19.

Second, the ALJ noted several inconsistencies in Plaintiff's testimony. Tr. 19-20. (1) Plaintiff testified that his feet are constantly numb, but treatment notes indicate Plaintiff's sensation is normal (Tr. 19); (2) Plaintiff testified that pain medication makes him nauseous, but he also testified that he has taken Phenergan for quite some time (Tr. 19); (3) Plaintiff testified that physical therapy increased his pain, but he only attended one initial evaluation (Tr. 19-20); (4) Plaintiff testified that he had been to the emergency room on three occasions since June 2010, but records indicated that Plaintiff presented only once (Tr. 20); (5) Plaintiff's lack of aggressive or alternative treatment other than pain medication despite his state insurance (Tr. 20); and (6) Plaintiff testified to having worked consistently the past 15 years, but the record showed an inconsistent work history and few earnings prior to his alleged date of disability (Tr. 20).

Plaintiff argues that the ALJ improperly rejected his subjective symptom testimony due to a lack of supporting objective evidence and an erroneous credibility determination based upon errors of fact. Doc. 15 at 10-11. Although the ALJ noted that the objective evidence revealed disc disease, the ALJ concluded that the findings overall

were inconsistent and sometimes indicative of no problems. Tr. 19.  The ALJ supported this finding by pointing to medical records that indicated Plaintiff had normal mobility, only moderate neck and back pain, and no neurological complaints (Tr. 209-10), and other records that showed Plaintiff had denied acute back pain (Tr. 148).  The Court finds that the ALJ did not err in finding the objective medical evidence inconsistent and not supportive of Plaintiff's pain allegations.  *See Carmickle v. Comm'r, Soc. Sec. Admin.,* 533 F.3d 1155, 1161 (9th Cir.2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.") (citation omitted); *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1197 (9th Cir.2004) (lack of objective medical evidence supporting claimant's allegations supported ALJ's finding that claimant was not credible).

Plaintiff also raises specific objections to the ALJ's credibility determinations. Doc. 15 at 11.  The Court will review the ALJ's reasons for finding Plaintiff less than fully credible.

1. The ALJ stated that Plaintiff testified that his feet are constantly numb, and found this testimony to be inconsistent with treatment notes stating that Plaintiff had normal sensation in his feet.  Tr. 19.  The Court's review of the record shows, however, that Plaintiff testified that the numbness in his feet occurs only once or twice a week.  Tr. at 268.  This testimony is not inconsistent with the treatment notes.

2. The record shows that Plaintiff testified that Oxycodone makes him nauseous, and that he takes Phenergan to alleviate the nausea.  Tr. 149, 271.  It is unclear how Plaintiffs testimony about Phenergan is inconsistent with his testimony about Oxycodone as the ALJ suggested.  Taking anti-nausea medication would by consistent with his testimony that Oxycodone makes him nauseous.[2]

---

[2] The Court notes that Phenergan, brand name for the drug Promethazine, may be "used to prevent and control nausea and vomiting that may occur after surgery, and with other medications to help relieve pain after surgery." PUBMED HEALTH, *Promethazine*, Jan. 1, 2011, http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0000637/ (last visited Nov. 26, 2012).

3. The ALJ found Plaintiff's testimony that physical therapy treatments increased his pain to be less than credible given that Plaintiff attended only one initial evaluation. Tr. 20. Plaintiff in fact attended only one physical therapy session. Tr. 183. Plaintiff contends that physical therapy was discontinued with the advice of his treating doctor, but the record shows only that the physical therapist noted Plaintiff was unable to complete the treatment due to pain. Tr. 182. Plaintiff testified that he was told not to return. Tr. 269. The record also indicates that the therapist attempted to follow-up with Plaintiff after the initial evaluation, but Plaintiff did not return phone messages. Tr. 183. Plaintiff's termination of treatment after only one session is a valid basis to doubt his credibility. *See Lee*, 472 Fed. Appx. at 555.

4. The ALJ found Plaintiff less than credible because he testified to having visited an emergency room on three occasions since June 2010, while the record indicated that Plaintiff had presented only once. Tr. 20. Although the record shows that Plaintiff visited an urgent care center on at least four occasions since June 2010 (Tr. 141, 146, 149, 154), it does not appear that Plaintiff confused the emergency room with urgent care as Plaintiff himself distinguished between them during his testimony. Tr. 274. The record thus contradicts Plaintiff's testimony, and an ALJ may consider inconsistencies between a claimant's testimony and the medical records. *See Thomas*, 278 F.3d at 958-59.

5. The ALJ considered Plaintiff's "lack of aggressive or alternative treatment other than pain medication" despite the fact that he had state insurance. Tr. 20. Plaintiff responds by arguing that no doctor recommended more aggressive treatment (Doc. 15 at 12), but, as noted above, Plaintiff quit physical therapy after only one visit. The ALJ was entitled to conclude that a claimant in the kind of severe and limiting pain Plaintiff claimed would have sought out alternative or more aggressive treatments than Plaintiff did, particularly when Plaintiff had insurance to pay for additional care.

6. Plaintiff's inconsistent work history was the final basis for the ALJ's negative credibility determination. Tr. 20. The record shows that Plaintiff earned between $7,938 and $20,574 from 1993 to 2001 (Tr. 46), and earned virtually nothing after 2001 (Tr. 46-

47) despite claiming that he did not stop working until 2006 (Tr. 263, 265). A claimant's work history is a valid factor to weigh in making a credibility determination. *See Thomas*, 278 F.3d at 958-59.

In summary, the ALJ based his credibility determination on six factors. The Court has determined that substantial evidence supports four of them: Plaintiff's failure to follow-up with the physical therapy course of treatment, his emergency room testimony, his failure to seek alternative or more aggressive treatments, and his work history. These findings, when considered with the inconsistent objective medical evidence, constitute clear and convincing reasons, based upon substantial evidence, for discounting Plaintiff's credibility. The question is not what the Court would have done in the ALJ's position, but whether her reasons for acting were consistent with the Ninth Circuit's standard. The Court concludes that they were.

### B. Medical Opinions.

"The ALJ must consider all medical opinion evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); *see* 20 C.F.R. § 404.1527(d); SSR 96-5p, 1996 WL 374183, at *2 (July 2, 1996). Regarding the weight that an ALJ should give to a particular medical opinion, the Ninth Circuit distinguishes between the opinions of treating physicians, examining physicians, and non-examining physicians. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas*, 278 F.3d at 957.

Opinions of examining or consulting physicians alone may constitute substantial evidence supporting the ALJ's decision when they are consistent with other evidence in the record. *See Magallanes v. Bowen*, 881 F.2d 747, 752 (9th Cir. 1989) ("[T]he reports of consultative physicians . . . may serve as substantial evidence."); *Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 600 (9th Cir. 1999) ("Opinions of a nonexamining, testifying medical advisor may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it."); *Thomas*, 278 F.3d at 957 ("The

opinions of non-treating or non-examining physicians may . . . serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record."); *see also* 20 C.F.R. § 404.1527(f) (stating that the opinions of non-examining physicians constitute medical evidence).

Physical therapists, like physician's assistants, are considered 'other source' opinions, and although not acceptable medical sources, an ALJ must take into account 'other source' opinion evidence unless he or she expressly determines to disregard it and provides germane reasons for doing so. *Cole v. Astrue*, 395 Fed. Appx. 387, 389 (9th Cir. 2010); *see also Turner v. Comm'r of Soc. Sec.,* 613 F.3d 1217, 1224; *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).

### 1. Dr. K. Steinhardt.

Dr. K. Steinhardt, a state agency medical consultant, reviewed Plaintiff's medical records and completed a physical RFC assessment. Tr. 20, 116. The assessment indicated that Plaintiff had denied joint swelling, muscle weakness, or difficulty walking, was observed to have normal posture and gait at a urologic exam, and that a neurological examination revealed no focal deficits. Tr. 20, 110. Dr. Steinhardt's report noted that Plaintiff had presented with no problems standing or walking at the field office and found that this presentation was consistent with Plaintiff's statements of only being able to walk one block before having to stop and rest. Tr. 20, 110.

Plaintiff argues that a non-treating, non-examining physician's report cannot constitute substantial evidence. Doc. 15 at 16. Plaintiff argues that Dr. Steinhardt did not identify himself as an M.D., D.O., or Ph.D. upon signing his assessment (Doc. 15 at 14-15), and that there is no offer of proof that he is a licensed physician despite the use of the medical consultant code on the assessment form (Doc. 20 at 10). Plaintiff submits Dr. Steinhardt failed to identify the medical records reviewed, and does not discuss relevant medical records such as Dr. Chirban's referral of Plaintiff to a rehabilitative center and the physical therapist's record notes. Doc. 15 at 15. Plaintiff also argues Dr. Steinhardt erroneously concluded that Plaintiff has no problems standing, walking, or sitting

because the Field Officer actually observed that Plaintiff "was limping and cringed when he stood up, after the interview." *Id.* (citing Tr. 100).

Although the ALJ gave "substantial" weight to the opinion of Dr. Steinhardt (Tr. 20), this constitutes legal error only if his opinion was not consistent with independent clinical findings or other evidence in the record. *See Thomas*, 278 F.3d at 957. Dr. Steinhardt's opinion is consistent with other evidence in the record (Tr. 19-20), and confirmed by Dr. Goodrich (Tr. 103). It appears Dr. Steinhardt did note the medical records he relied upon in making the RFC assessment (Tr. 110), and as a state agency medical consultant, the ALJ was obligated to consider Dr. Steinhardt's opinion regardless of whether he is in fact a licensed physician. *See* 20 C.F.R. § 404.1527(e). The ALJ's decision to rely upon Dr. Steinhardt's opinion does not constitute legal error.

### 2. Colette Januszewski, L.P.T.

Ms. Colette Januszewski, licensed physical therapist ("L.P.T."), performed an in-person examination of Plaintiff's physical capacities and functional impairments. Tr. 184-86. Ms. Januszewski's notes indicate Plaintiff showed decreased lordosis, rounded shoulders, and forward head. Tr. 186. She found Plaintiff to have core strength weakness, minimal trunk range of motion, and that he was unable to bend and lift. Tr. 186. Additionally, she observed that Plaintiff had decreased sitting tolerance to 15 to 20 minutes; decreased standing tolerance to 10 to 15 minutes; and decreased walking tolerance to two blocks. Tr. 186.

The ALJ failed to mention Januszewski's opinion evidence in determining that Plaintiff had presented no opinions from treating sources. Tr. 20. The ALJ appears to have rejected, without explanation, Januszewski's opinion evidence in its RFC assessment. Tr. 12-23. Because the ALJ has not stated germane reasons to reject Januszewski's opinion evidence, the ALJ's RFC determination constitutes legal error.

### C. ALJ's Duty to Develop the Record.

"The ALJ has a duty to develop the record . . . even when the claimant is represented by counsel." *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991). The

ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)).

Plaintiff contends the ALJ was obligated to obtain a consultative examination after an agency examiner noted that it was unable to schedule one. Doc. 15 at 17. The Court disagrees. While the ALJ has a duty to develop the record, the government is not required to bear the expense of an examination for every claimant, and consultative examinations are normally required only where there is an ambiguity or insufficiency in the evidence that must be resolved. *See Reed v. Massanari*, 270 F.3d 838, 841-42 (9th Cir. 2001) (citing 20 C.F.R. §§ 404.1517-19). The Court finds that a consultative examination does not appear to have been necessary to enable the ALJ to make the disability determination. Plaintiff also submits the ALJ failed to develop the record by not attempting to secure the records of treating pain management specialist Dr. Chirban, and the records of the Payson Regional Medical Center. Doc. 15 at 17.[3] Again, the Court finds that the record appears free from ambiguities and thus the ALJ's development of the record does not constitute legal error.

**III.   Remedy.**

The Court has discretion to remand for further development of the record or for an award benefits. 42 U.S.C. § 405(g); *see Harman v. Apfel,* 211 F.3d 1172, 1173-74 (9th Cir. 2000). Plaintiff asks the Court to consider granting him disability status based on his subjective complaints of pain. Doc. 15 at 17-18. As explained above, however, the ALJ did not err in rejecting Plaintiff's pain testimony.

The Ninth Circuit has held that evidence should be credited as true, and an action remanded for an award of benefits, where three conditions are met:  the ALJ has failed to

---

[3] Plaintiff has presented a news article indicating that Dr. Chirban's records are in the possession of the Drug Enforcement Agency ("DEA"). Doc. 15-1 at 3-4. The DEA's possession, however, does not trigger the ALJ's duty as the record still appears free from ambiguous evidence.

- 11 -

provide legally sufficient reasons for rejecting evidence, no outstanding issue remains that must be resolved before a determination of disability can be made, and it is clear from the record that the ALJ would be required to find the claimant disabled were the rejected evidence credited as true. *See, e.g., Varney v. Sec'y of HHS,* 859 F.2d 1396, 1400 (9th Cir. 1988).

With respect to the opinion of Ms. Januszewski, the Court concludes that it need not be credited as true on remand. The credit-as-true rule applied in *Varney* and its progeny is "specifically limited to cases 'where there are no outstanding issues that must be resolved before a proper disability determination can be made[.]'" *Vasquez v. Astrue*, 572 F.3d 586, 593 (9th Cir. 2009) (quoting *Varney*, 859 F.2d at 1401). When crediting Ms. Januszewski's improperly rejected evidence as true, a conflict exists between the opinions of Ms. Januszewski and Dr. Steinhardt which must be resolved before a disability determination can be made. Because issues remain to be resolved, the Court will remand for further proceedings consistent with this order.

**IT IS ORDERED:**

1. Defendant's administrative decision denying benefits is **reversed**.
2. The case is **remanded** for further proceedings consistent with this order.

Dated this 6th day of December, 2012.

_____
David G. Campbell
United States District Judge

- 12 -